UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CLARENCE SCOTT,

    Petitioner,

v.                                                      Case No. 2:05-cv-138
                                                       HON. GORDON J. QUIST

TIMOTHY LUOMA,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

        Petitioner Clarence Scott filed this petition for writ of habeas corpus challenging the validity of his conviction. On August 8, 2002, Petitioner was convicted of felony firearm and felon in possession of a firearm. On September 9, 2002, Petitioner was sentenced to a mandatory term of two years imprisonment for the felony firearm conviction, followed by a consecutive 28 to 90 month term of imprisonment for the felon in possession of a firearm conviction.

        At trial, a police officer testified that he observed Petitioner remove a metallic object from his waistband and toss the object through the front passenger window into a vehicle. Officers observed a gun on the floor of the passenger side of the vehicle. As a felon, Petitioner was not allowed to possess a gun. Petitioner initially stated that the gun was not his and then invoked his right to remain silent.

        Petitioner maintains that his conviction was obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter

is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

The petition raises the following issues:

I. Prosecutorial misconduct for asserting Petitioner's right to remain silent.

II. Due process for failing to call witness Maurice Grubbs and ineffective assistance of counsel for failure to request adverse witness instruction.

III. New trial should be granted based upon newly discovered evidence.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams*

*v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

    The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption

of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner has asserted that the prosecutor committed misconduct by introducing evidence that Petitioner had requested to remain silent and by eliciting a statement that Maurice Grubbs told police that the gun belonged to Petitioner. The prosecutor elicited the following testimony:

> Q    After you asked the question, did the Defendant agree to talk to you . . .
>
> A    He . . .
>
> Q    . . . whether it's briefly or real long?
>
> A    He stated he didn't want to talk to me, but the gun was not his.
>
> Q    He said that in a full statement?
>
> A    More or less. I mean it wasn't -- it wasn't the same sentence, but it was -- he didn't want to comment on the incident and that he didn't own a gun.
>
> Q    Okay. And after he said he didn't want to comment on it anymore, what'd you do?
>
> A    Stopped asking him questions.
>
> Q    Okay. Thanks.
>
> THE COURT: Ladies and gentlemen, just as a matter of law a person has an absolute right to remain silent and they don't have to answer any questions, and at any time if they choose to say something, they can stop at any time. And it's an absolute right that the Defendant has. You cannot hold that against him at any -- in any way, the fact that he exercised his constitutional rights. Okay.
>
> Does that satisfy . . .

>MR. JORDAN:   Thank you, your Honor.
>
>THE COURT:   . . . you, Mr. Jordan?
>
>MR. JORDAN:   Yes, your Honor.  Thank you.
>
>THE COURT:   Okay, thank you.

The Michigan Court of Appeals rejected these claims concluding:

> We review claims of prosecutorial misconduct de novo, but any factual findings of the trial court are reviewed for clear error. *People v. Pfaffle*, 246 Mich App 282, 288; 632 NW2d 162 (2001).  The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *People v. Goodin*, 257 Mich App 425, 432; 668 NW2d 392 (2003).  Where a curative instruction could have alleviated any prejudicial effect, reversible error will not be found. *People v. Schutte*, 240 Mich App 713, 721; 613 NW2d 370 (2000). Further, we must review a prosecutor's conduct in context, *People v. Watson*, 245 Mich App. 572, 586; 629 NW2d 411 (2001), and must review claimed error in light of defense arguments and the relationship they bear to the evidence admitted at trial, *Schutte, supra*.  Thus, otherwise improper prosecutorial conduct might not require reversal if it addresses an issue raised by defense counsel. *People v. Jones*, 468 Mich 345, 353; 662 NW2d 376 (2003).  "Under the doctrine of invited response, the proportionality of the response, as well as the invitation, must be considered to determine whether the error, which might otherwise require reversal, is shielded from appellate relief." *Id.*, citing *United States v. Young*, 470 US 1, 12-13; 105 S Ct 1038; 84 L Ed 2d 1 (1985).
>
> The use of a defendant's post arrest, post-*Miranda* warning silence for impeachment or as substantive evidence violates due process guaranteed by the Fourteenth Amendment, except to contradict the defendant's trial testimony that he made a statement, that he cooperated with police, or that trial was his first opportunity to explain his version of events. *Doyle v. Ohio*, 426 US 610, 619 n 11; 96 S Ct 2240; 49 L Ed 2d 91 (1976); *People v. Dennis*, 464 Mich 567, 573 N 5; 628 NW2d 502 (2001).  In *Doyle*, the Supreme Court held that due process precludes the use of a defendant's silence after arrest and *Miranda* warnings because (1) silence may only reflect the excercise by the accused of his rights and (2) the *Miranda* warnings "carry an implicit assurance that silence in reliance on those warnings will not be penalized." *Dennis, supra* at 574.

> The present case is far different from *Doyle*, where "the prosecution unabashedly used the silence of each of the two defendants." *Dennis, supra* at 574. It is much closer factually to *Dennis*, where "a single question and answer in which [a police officer] revealed in response to an open-ended question that defendant had refused to be interviewed by the detective before speaking with an attorney." *Id*. at 575. In *Dennis*, our Supreme Court found a "*Doyle* violation" had not occurred because the prosecutor did not attempt to use the defendant's silence against him. *Dennis, supra* at 578, 581, 582. Thus, the *Dennis* Court held that the trial court had not abused its discretion by denying the defendant's motion for mistrial. *Id*. at 581. Further, the Court noted that jurors are presumed to follow a trial court's "instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." *Id*., quoting *Greer v. Miller*, 483 US 756, 767 n 8, 107 S Ct 3102, 97 L Ed 2d 618 (1987) (citations omitted).
>
> In this case, it cannot be said that the admission of defendant's invocation of his right to silence was inadvertent. On the other hand, defendant did not remain silent or invoke his right to counsel after his arrest. Instead, he chose to make a statement: he claimed that the gun was not his, but then he informed the officers that he did not want to talk further about the matter. Defendant's invocation of his right to silence was admitted because it was intertwined with his statement. Like *Dennis*, the prosecutor here did not attempt to affirmatively use defendant's silence against him, and because defendant did not testify, there is no possibility his post-arrest silence was impermissibly used for impeachment. *Dennis, supra* at 578-579. Moreover, the trial court gave the jury a strong cautionary instruction immediately following the testimony. Thus, the present case is far different from *Doyle*, and even less prejudicial than *Dennis*. Accordingly, no *Doyle* violation occurred here.
>
> Furthermore, because defense counsel expressed satisfaction with the manner in which the trial court handled the situation by giving a cautionary instruction to the jury, defendant has waived any claim of error. *People v. Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000).

It is clear that the court controlled the testimony that was presented and gave an appropriate instruction to the jury. Moreover, the instruction was satisfactory to defense counsel. Under these circumstances, the Michigan Court of Appeals' decision did not result in a decision that was contrary

to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that the prosecutor improperly brought out testimony from police officer Deenik that Maurice Grubbs stated that the gun belonged to Petitioner. The court immediately sustained defense counsel's objection and instructed the jury to not consider the statement of Mr. Grubbs. Defense counsel then revisited the issue with officer Deenik during his re-cross examination. The Michigan Court of Appeals rejected this claim concluding:

> With respect to the prosecutor eliciting Grubb's hearsay statement that the gun belonged to defendant, misconduct warranting reversal did not occur. Defense counsel specifically elicited from the investigating officer that he had asked Grubbs, "Whose gun is it?" Thus, the prosecutor's redirect examination of the officer asking for Grubb's answer to that question was an "invited response." *Jones, supra* at 353. Further, the trial court sustained the defense objection, struck the testimony, and immediately instructed the jury, and again at the end of the trial, that it was not to consider the testimony. In light of the "invited response" doctrine, and because jurors are presumed to follow the trial court's instructions, *Dennis, supra* at 581, error warranting reversal did not occur.
>
> Moreover, defendant also waived any error on this issue. After the trial court struck the hearsay, defendant reintroduced it on further cross-examination in the process of eliciting testimony that Grubbs and the other occupant of the car never said defendant tossed the gun into the car. A party may not claim error when it contributes to the alleged error by plan or negligence. *People v. Griffin*, 235 Mich App 27, 46, 597 NW2d 176 (1999). Further, a party waived alleged error by making affirmative use of otherwise inadmissible evidence. See, e.g., *People v. Riley*, 465 Mich 442, 448-449; 636 NW2d 514 (2001) (defendant waived any error by affirmatively using hearsay).
>
> In sum, any prosecutorial misconduct was cured by the trial court's instructions, *Schutte, supra* at 721, and any effort regarding possible remaining prejudice has been waived, *Carter supra* at 214; *Griffin, supra* at 46. Accordingly, defendant's argument fails. Defendant received a fair and impartial trial. *Goodin, supra* at 432.

In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that his due process rights were violated when the trial court failed to give an adverse witness instruction after the prosecution failed to produce witness Maurice Grubbs. Petitioner claims his counsel was ineffective for failing to request an adverse witness instruction. The Michigan Court of Appeals considered and rejected these claims finding:

> Next, defendant argues that he was denied a fair trial when the trial court neglected to give a "missing witness" instruction after res gestae witness Grubbs absconded during the trial. He also argues his trial counsel was constitutionally ineffective for not requesting the instruction. Again, we disagree.
>
> Grubbs was a res gestae witness endorsed as a witness the prosecutor intended to call at trial. The record reflects that Grubbs was present in the courtroom when the prosecutor called him to testify. But before the prosecutor could begin his examination, defense counsel requested a hearing outside the presence of the jury. He advised that he had spoken to Grubbs and believed that Grubbs might incriminate himself if he testified. So, defense counsel requested that the trial court advise Grubbs of his Fifth Amendment right not to testify if the testimony might implicate him in a crime. The trial court advised Grubbs of his rights and offered to appoint an attorney to provide further advice. Grubbs accepted the trial court's offer of appointed counsel. Later in the afternoon, it became apparent that Grubbs had left the courthouse. The following colloquy occurred when the trial court asked the prosecutor if Grubbs had "absented himself."
>
>> MR. VIGANSKY [Prosecutor]: He has. He currently walked out, and we don't know where or when or how. He is gone.

> THE COURT: Well, I guess he's not available to testify at this point. He has made himself unavailable. Mr. Jordan, what's your position on that witnesses?
>
> MR. JORDON [Defense Counsel]: Your Honor, we are not going to request that he be produced.

The missing witness instruction was not requested or given. Defense counsel expressed satisfaction with the jury instructions as given by the trial court.

We review claims of instructional error de novo. *People v. Perez*, 469 Mich 415, 418; 670 NW2d 655 (2003). Unlike the former res gestae witness statute, MCL 750.40a no longer imposes a duty on the prosecutor to discover, endorse and produce all res gestae witnesses. *People v. Burwick*, 450 Mich 281, 288-289; 537 MW2d 813 (1995). Rather, the Legislature has "eliminated the prosecutor's burden to locate, endorse, and produce unknown persons who might be res gestae witnesses and has addressed defense concerns to require the prosecution to give initial and continuing notice of all known res gestae witnesses, identify witnesses the prosecutor intends to produce, and provide law enforcement assistance to investigate and produce witnesses the defense requests." *Id*. at 289. Nevertheless, the missing witness instruction may be appropriate if the prosecutor fails to produce a witness he has endorsed for trial, MCL 767.40a(3), unless the witness's production is excused because the prosecutor exercised due diligence to produce the witness. *Perez, supra* at 420, *People v. Wolford*, 189 Mich App 478, 484; 473 NW2d 767 (1991). Whether the missing witness instruction is appropriate will depend on the facts of the case involved. *Perez, supra* at 421. The trial court's decision to permit additions or deletions from the prosecutor's witness list and the fashioning of any remedy if the prosecutor has not been duly diligent, including whether to give the missing witness instruction, are reviewed for an abuse of discretion. *Burwick, supra* at 291, 298; *People v. Snider*, 239 Mich App 393, 422; 608 NW2d 502 (2000).

But in this case the prosecutor fulfilled the duties imposed by the res gestae witness statute. The prosecutor produced Grubbs to testify at trial. There is nothing in the record to suggest that the prosecutor was responsible for the witness absconding pending procurement of counsel to advise the witness of his Fifth Amendment rights. Because the prosecutor complied with MCL 767.40a the trial court had no reason to instruct the jury with CJI2d 5.12. Further, defendant waived any alleged error because defense counsel waived production

of the witness after he absconded and also expressed satisfaction with jury instructions that did not contain the missing witness instruction. *Carter, supra* at 215, 218.

Defendant's claim of ineffective assistance of counsel is without merit. Effective assistance of counsel is presumed, and the defendant bears a heavy burden or proving otherwise. *People v. Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). In order to overcome the presumption, defendant must first show that counsel's performance was deficient as measured against objective reasonableness under the circumstances according to prevailing professional norms. *People v. Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999). In order to overcome the presumption, defendant must first show that counsel's performance was deficient as measured against objective reasonableness under the circumstances according to prevailing professional norms. *People v. Rodgers*, 248 Mich App 702, 714; 645 NW2d 294 (2001). Second, defendant must show that the deficiency was so prejudicial that he was deprived of a fair trial such that there is a reasonable probability that but for counsel's unprofessional error(s) the trial outcome would have been different. *Id*. Because a request for the missing witness instruction would have been futile, defendant cannot establish his claim of ineffective assistance of counsel. *Id*. at 715.

Petitioner has failed to show that the Michigan Court of Appeals' decision was unreasonable. Petitioner also claims that the court erred by not granting him a new trial to present "newly" discovered evidence. Petitioner claims that Maurice Grubbs and Robert Henderson, who both occupied the car, will now testify favorably for Petitioner. The Michigan Court of Appeals rejected this claim concluding that this evidence is not newly discovered, because Petitioner could have called these witnesses using reasonable diligence at the time of trial and the testimony likely would not lead to a different result. The Court of Appeals explained that if Grubb's testified favorably for Petitioner his testimony would be impeached by his statement to police that the gun belonged to Petitioner. Similarly, Henderson signed an affidavit that stated that he did not know if Petitioner or Grubbs threw the gun into the car. In the opinion of the undersigned, Petitioner has not shown that he has newly discovered evidence that could require a new trial. The Michigan Court

of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United

- 12 -

States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Petitioner cannot establish constitutional error occurred in his trial. Petitioner has failed to show prosecutorial misconduct, ineffective assistance of counsel or instructional error. Similarly, Petitioner is not entitled to a new trial. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 15, 2008